**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TIMOTHY JONES | |
| Appellant | No. 1581 EDA 2018 |

Appeal from the PCRA Order entered May 3, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at Nos: CP-51-CR-0416501-1992;
CP-51-CR-1021441-1992

BEFORE:  GANTMAN, P.J.E., STABILE, J., and COLINS, J.*

MEMORANDUM BY STABILE, J.:                       **FILED MAY 16, 2019**

Appellant, Timothy Jones, appeals from the May 3, 2018 order entered in the Court of Common Pleas of Philadelphia County, denying his fourth petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

Appellant argues that his mandatory life-without-parole sentence for homicide, which he committed when he was 18 years and 67 days old, is unconstitutional under **Miller v. Alabama**, 132 S.Ct. 2455 (2012). Appellant's Brief at 7-8.  We disagree.

_____

* Retired Senior Judge assigned to the Superior Court.

The underlying facts of this matter are not in dispute.[1]  This Court summarized the same in its memorandum issued in connection with Appellant's direct appeal.  **See Commonwealth v. Jones**, No. 1307 EDA 1994, unpublished memorandum (Pa. Super. filed October 18, 1995).  Thus, we need not repeat them here.  Procedurally, we note that Appellant filed the instant PCRA petition (his fourth)[2] on March 25, 2016, more than nineteen years after his judgment became final.[3]

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted).  All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception

---

[1] Relevant to this matter, it is also undisputed that Appellant was 18 years and 67 days old at the time he committed the underlying crime.  **See** Appellant's Brief at 6, 9.

[2] **See** Commonwealth's Brief at 3.  Appellant confirmed that he "has filed numerous PCRA [p]etitions seeking relief."  Appellant's Brief at 5.

[3] On April 5, 1994, the trial court sentenced Appellant to life in prison after a jury found him guilty of first-degree murder.  We affirmed the judgment of sentence on October 18, 1995.  Our Supreme Court denied allowance of appeal on April 16, 1996.  There is no indication that Appellant sought further review.  Accordingly, Appellant's judgment of sentence became final on July 15, 1996, ninety days after our Supreme Court denied allowance of appeal.  **See** 42 Pa.C.S.A. § 9545(b)(3); U.S. Supreme Court Rule 13. Thus, to be considered timely, the PCRA petition had to be filed within one year of the sentence becoming final, or by July 15, 1997.

to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *See Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008) (consideration of *Brady*[4] claim separate from consideration of its timeliness). The timeliness requirements of the PCRA petition must be met, even if the underlying claim is a challenge to the legality of the sentence. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto") (citation omitted).

We must first determine whether the instant petition is timely. As noted above, Appellant filed the instant petition in 2016, more than nineteen years after his judgment of sentence became final. As such, the instant petition is facially untimely. To overcome the untimeliness of the petition, a petitioner must allege and prove one of the exceptions to the one-year time bar, codified at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). These exceptions include governmental

---

[4] *Brady v. Maryland*, 373 U.S. 83 (1963).

interference, newly-discovered facts, and after-recognized constitutional rights. Here, Appellant argues he meets the requirements of the after-recognized constitutional right exception, codified in 42 Pa.C.S.A. § 9545(b)(1)(iii). Specifically, Appellant argues that he is entitled to review based on *Miller*.[5] We disagree.

We have repeatedly held that *Miller* does not apply to defendants who were eighteen or older when they committed murder. *See, e.g., Commonwealth v. Lee*, 2019 WL 986978 (March 1, 2019) (*en banc*); *Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa. Super. 2016). As noted above, Appellant was 18 years old at the time of the underlying crimes. Accordingly, Appellant has no claim under *Miller*.

Appellant also argues that he is due relief because equal protection requires that adults are entitled to the same protection as juveniles. We disagree.

Simply because Appellant alleges a constitutional violation, it does not mean that the alleged constitutional violation can be raised at any time. Indeed, even claims of constitutional dimension are subject to the same

---

[5] *Miller* held that "mandatory life without parole for those *under the age of 18 at the time of their crimes* violates the Eighth Amendment's prohibition on 'cruel and unusual' punishments." *Miller*, 132 S.Ct. at 2460 (emphasis added). In *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), the United States Supreme Court held that *Miller* was a new substantive rule that, under the United States Constitution, must be retroactively applied in cases on state collateral review. *Montgomery*, 136 S.Ct. at 736.

timeliness rules. **See Commonwealth v. Turner**, 80 A.3d 754, 767 (Pa. 2013) ("we have already held that, in the context of the jurisdictional timeliness restrictions on the right to bring a PCRA petition, the constitutional nature of a collateral claim does not overcome the legislature's restrictions on collateral review") (internal citation omitted).

Because Appellant failed to plead and prove that the instant PCRA petition is timely, the PCRA court did not err in not holding a hearing on an untimely petition. **See Commonwealth v. Marshall**, 947 A.2d 714, 723 (Pa. 2008) (defendant was not entitled to evidentiary hearing on petition for post-conviction relief that was untimely filed, and which did not adequately allege any statutory exception to one-year limitations period for filing petition.).

In light of the foregoing, we conclude the PCRA court properly dismissed the instant petition as untimely.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/19